In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-118 CR


 ______________________



DERRICK JERMAINE NELSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 90037






MEMORANDUM OPINION


 Derrick Jermaine Nelson appeals a conviction for aggravated robbery. In two issues,
Nelson challenges the legal and factual sufficiency of the evidence to support the conviction. 
Finding no reversible error, we affirm the judgment. 

 The complainant testified that she was working the night shift at a convenience store
when an individual entered the store. (1) She identified Nelson in court and testified that he was
the individual who came into the store. The complainant explained that she had seen Nelson
in the store before. She said that on the day in question, Nelson wore a blue jersey with the
number five on it, and that he wore nothing that obstructed her view of his face. (2)

 Nelson asked her for cigarettes. As she initiated the sales transaction, Nelson asked
her how much money was in the drawer to the cash register. When she saw that Nelson had
a gun, she actuated an alarm that sends a signal to store security and the Beaumont police
department. Nelson pulled out the gun, pointed it at her, and told her to open the drawer. 
When she opened the drawer, Nelson reached over the counter and took money from the
drawer. Nelson then left the store. The complainant testified that she was positive that
Nelson was the individual who robbed her.

 Trooper Delvin Davis, a certified peace officer with the Texas Department of Public
Safety, testified that at 3:40 a.m., he stopped at the store to put gas in his personal vehicle.
While in the parking lot, he saw a man walk out of the store. The trooper did not get a good
look at the man and could only describe the man as wearing jeans. When the trooper entered
the store, the complainant informed him that she had been robbed by the man who left the
store. The trooper looked outside and saw a van pulling away. 

 Beaumont Police Officer Tom Swope, testified that at 3:42 a.m., he was dispatched
to the store. He testified that his written report states the suspect was wearing a dark blue
basketball jersey. Officer Swope testified that the complainant described the suspect as a
frequent customer. He explained that fingerprints could not be recovered from a pack of
cigarettes collected from the scene, and that there were areas of the store that were not
processed for fingerprints. 

 Nelson presented testimony from three witnesses. Lolia Brown, Nelson's aunt,
testified that on the day of the offense, Nelson and some men came to her house at 10:00 p.m.
to pick up her son, Joseph Brown. She testified that the men were not wearing jerseys or any
clothing with a number on it. Nelson, Joseph, and the other men left the house to go to a
club. Lolia testified that the men returned to her house at approximately 2:30 a.m. and her
son entered the house. 

 Joseph testified that he, Nelson, and other men went to a club. He testified that
Nelson wore a Polo shirt, blue-jean shorts, and that no one in the group wore a jersey. Joseph
explained that he and the other men stayed at the club until after 2:00 a.m. and then he went
home. He testified that he did not see Nelson with a gun.

 Raymond Louis, Jr., Nelson's brother, testified that he, Nelson, Joseph, and other men
went to a club. He testified that Nelson wore a button-down Polo shirt and jean shorts. No
one in the group wore a jersey. Louis acknowledged that in prior testimony, he stated that
Nelson had been wearing a football jersey on July 26 (the offence occurred at 3:45 a.m. on
July 27). Louis explained that earlier on July 26, Nelson wore a Dallas Cowboys football
jersey with a number on the back, but changed into the button-down shirt and shorts to go
to the club.

 Louis testified that the men left the club after it closed at approximately 1:00 a.m. 
After the men took Joseph home, Louis and Nelson went to Louis's house. Louis testified
that he and his brother talked for a while; then Louis went to sleep. Louis saw his brother
enter the other bedroom, but did not see Nelson again until the next morning.

 In assessing legal sufficiency, an appellate court views all of the evidence in the light
most favorable to the verdict to determine whether a rational jury could have found the
essential elements of the crime beyond a reasonable doubt. Rollerson v. State, 227 S.W.3d
718, 724 (Tex. Crim. App. 2007). The court gives deference to the jury to weigh the
evidence and resolve conflicts in the testimony. Hooper v. State, 214 S.W.3d 9, 13 (Tex.
Crim. App. 2007). 

 In a factual sufficiency challenge, the reviewing court considers all the evidence in
a neutral light and sets aside the verdict only if the evidence is so weak that the jury's verdict
seems clearly wrong and manifestly unjust or if, considering conflicting evidence, the jury's
verdict is against the great weight and preponderance of the evidence. See Marshall v. State,
210 S.W.3d 618, 625-26 (Tex. Crim. App. 2006), cert. denied ___.U.S.___, 128 S.Ct. 87, 169
L.Ed.2d 66 (2007); Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). The
appellate court gives due deference to the determinations of the fact-finder. See Marshall,
210 S.W.3d at 625. 

 A person commits aggravated robbery if he commits robbery and he uses or exhibits
a deadly weapon. Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003). A person commits
robbery if, in the course of committing theft and with the intent to obtain or maintain control
of the property, he intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death. Id. § 29.02(a)(2) (Vernon 2003). 

 Nelson argues that the complainant's description of the suspect, her description of the
clothes the suspect wore, and her testimony regarding the time of offense were inconsistent
and did not constitute sufficient evidence to support a conviction. He argues that the
complainant's testimony was not corroborated, no fingerprints were found at the crime scene,
and there was no DNA evidence. Nelson contends that he submitted significant alibi
evidence that showed he could not have committed the crime. Finally, he argues that the
testimony supporting the element of "fear" was not sufficient because the complainant did
not state that she was in fear for her life. 

 The complainant testified that the individual who came into the store pointed a gun
at her, told her to open the cash register, took money from the register, and left the store. She
positively identified Nelson as the person who robbed her. Contrary to Nelson's assertions,
the complaintant twice testified that she was in fear for her life. The jury may have afforded
little weight to the complainant's independent recollection of the actual time of offense and
her description of the jersey in light of her positive identification of the suspect. Nelson's
witnesses testified to allegedly having knowledge of Nelson's whereabouts on the day in
question. The jury evaluates the credibility of witnesses, weighs the evidence, and resolves
any conflicts in the evidence. After viewing the evidence in the light most favorable to the
verdict, we conclude the jury could have found the essential elements of the offense beyond
a reasonable doubt. A neutral review of the evidence reveals that the evidence supporting
the conviction is not so weak that the jury's verdict is clearly wrong and manifestly unjust,
and in considering the conflicting evidence, the jury's verdict is not against the great weight
and preponderance of the evidence. Nelson's issues are overruled. The judgment is
affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 3, 2008

Opinion Delivered May 14, 2008

Do Not Publish 


Before McKeithen, C.J., Gaultney and Horton, JJ.

1. On cross-examination, the complainant recalled telling the police that the offense
occurred between 2:30 a.m. and 3:00 a.m. During re-direct examination, she testified that
the offense occurred between 3:00 a.m. and 3:30 a.m. She acknowledged that in her written
statement to the police, she said the offense occurred at 3:45 a.m.
2. The complainant testified that Nelson wore a basketball jersey with no sleeves. A
videotape of the robbery showed that the suspect's jersey had sleeves.